IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Raymone Crockwell, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 13-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | *(jury demand)* |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Raymone Crockwell is a resident of the state of Illinois.

3. Defendant Thomas Dart is the Sheriff of Cook County; plaintiff sues Dart individually and in his official capacity.

4. Defendant Cook County, Illinois is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Plaintiff was a pre-trial detainee at the Cook County Jail from on or about June 6, 2012 until March 29, 2013.

6. In the course of being processed into the Jail, intake personnel determined that plaintiff is wheel chair bound and requires a special toilet, sink, and shower to participate in these programs and to attend to his basic needs.

7. In 2008 or 2009, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County and Cook County*, 07-cv-3889 that the facilities in Division 2 of the Cook County Jail deprived wheelchair bound detainees of reasonable access to toilets, sinks, and showers. Thereafter, in the course of the *Phipps* litigation, defendants installed handicap accessible toilets and appropriate grab bars in two dorms in Division 2 of the Cook County Jail. Defendants also modified the showers in those two dorms, to add a ramp, grab-bars, and water controls accessible to a seated person. In addition, defendants provided an appropriate shower chair in each of those two dorms.

8. Defendant Dart is intimately involved in the running of the Jail.

a. Shortly after taking office, Dart established his main office at the Cook County Jail, publicly declaring, "The jail is 90 percent of the job." Dart explained "The day in and day out things that impact our office that require decisions, and quick ones, are from out there."

b. Upon becoming Sheriff, Dart promptly instituted a variety of changes at the jail, installing new technologies, including introducing body scanning machines to prevent contraband from entering the jail, while also raising standards for employment.

c. Dart applies a "hands on" style of management, and holds weekly "accountability meetings," during which all high ranking Jail staffers provide him with detailed reports on activities in their respective divisions of the Jail.

d. Upon becoming Sheriff, Dart formed a "Weapons Free Committee" to collect, inventory, and analyze all inmate-made shanks and weapons.

e. Dart also established a committee of former U.S. Attorneys and other legal and law enforcement

experts to evaluate the Sheriff's internal affairs operations.

f. In addition to this involvement in the everyday running of the jail, Dart selected and hired a consultant to train correctional officers on how to better recognize and supervise inmates with mental health issues.

g. Dart also changed Jail policy to permit contact visits between female detainees and their children.

h. Dart became personally involved in the operation of the 13,000 square foot garden located on the grounds of the Cook County Jail that is used to train detainees in urban farming.

9. Following resolution of *Phipps*, defendants permitted the handicap accessible facilities in Division 2 to become non-functional for extended periods of time and thereby denied plaintiff reasonable access to a toilet and shower. This deliberate indifference caused plaintiff to be deprived his rights secured by the ADA and the Rehabilitation Act and to have been deprived rights secured by the Fourteenth Amendment.

10. Defendants above described deliberate indifference caused plaintiff to incur physical injuries and subjected to emotion distress.

11. Plaintiff demands trial by jury.

WHEREFORE, plaintiff requests that he receive appropriate compensatory damages in excess of fifty thousand dollars and appropriate punitive damages against defendant Dart in his individual capacity. Plaintiff also requests that the costs of this action, including attorneys' fees, be taxed against defendant Cook County.

/s/ Thomas G. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL 60643
(773) 233-7900

Kenneth N. Flaxman
200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for plaintiff*