IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMONE CROCKWELL,    ) | |
|     Plaintiff,    ) | |
| ) | Case No. 13 C 4880 |
| v.    ) | Judge Robert M. Dow, Jr. |
| ) | |
| THOMAS DART, et al.,    ) | |
|     Defendants.    ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymone Crockwell alleges that he was denied reasonable access to special facilities during his time as a pre-trial detainee at Cook County Jail. In his complaint, he asserts that Defendant Thomas Dart, Sheriff of Cook County, violated his rights under § 202 of the Americans with Disabilities Act, § 504 of the Rehabilitation Act, the Fourteenth Amendment, and 42 U.S.C. § 1983. Plaintiff joined Defendant Cook County as a necessary party. Defendants seek dismissal of the § 1983 claims asserted against Dart in his individual and official capacities as well as Plaintiff's claims under Title II of the ADA and § 504 of the Rehabilitation Act against Defendant Dart in his individual capacity. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion to dismiss [12]. To the extent that Plaintiff's complaint can be read to assert a claim against Defendant Dart in his individual capacity under the ADA or the Rehabilitation Act, the Court dismisses those claims. All other claims remain pending.

**I.    Background**[1]

Plaintiff Raymone Crockwell was a pre-trial detainee at the Cook County Jail ("CCJ") from June 6, 2012 until March 29, 2013. According to the complaint, in 2008 or 2009,

---
[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1

Defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County* that facilities in Division 2 of CCJ did not provide detainees with reasonable access to toilets, sinks, and showers. Thereafter, in the course of the *Phipps* litigation, Defendants installed handicap accessible toilets and appropriate grab bars in two dorms in Division 2 of CCJ. Defendants also modified the showers in those two dorms to add a ramp, grab-bars, and water controls accessible to a seated person. In addition, Defendants provided an appropriate shower chair in each of those two dorms.

As part of the intake procedure in June 2012, medical personnel determined that Plaintiff was wheelchair bound and required a special toilet, sink, and shower to attend to his basic needs. According to Plaintiff's allegations, jail personnel should have assigned him to a wheelchair accessible housing unit, but they did not. Based on the allegations in the complaint, the handicap accessible toilets were not functioning when jail personnel assigned plaintiff to Division 2, and Plaintiff was required to use a non-handicap accessible toilet and shower. Plaintiff suffered personal injuries while trying to transfer to the toilet from his wheelchair.

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

**III. Analysis**

Plaintiff has sued Defendant Dart in both his individual and official capacities.

**A. Individual-Capacity Claims Under ADA and Rehabilitation Act**

Defendant Dart argues that Plaintiff's § 1983 claims against him in his individual capacities should be dismissed because the plain language of Title II of the ADA precludes individuals from being held liable. In response, Plaintiff states that he is not attempting to assert claims against Defendant Dart in his individual capacity under either the ADA or the Rehabilitation Act. Rather, the ADA and Rehabilitation Act claims are brought solely against Defendant Dart in his official capacity. The Court agrees with Defendants that Plaintiff's complaint, which appears intentionally vague, could be read as attempting to assert ADA and

Rehabilitation Act claims against Dart in his individual capacity. Thus, to the extent that Plaintiff's complaint can be read to assert claims against Defendant Dart in his individual capacity under the ADA or the Rehabilitation Act, the Court dismisses those claims. See, *e.g., Brewer v. Wis. Bd. of Bar Examiners*, 270 Fed. Appx. 418, 421 (7th Cir. 2008).

### B. § 1983 Claims Against Dart

42 U.S.C. § 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The statute is not "itself a source of substantive rights, but merely provides a means for vindicating federal rights elsewhere conferred," *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)), such as in the Eighth and Fourteenth Amendments. Under § 1983, there are two ways in which a party may sue an individual government actor: in the actor's official capacity or in his individual, or personal, capacity. See *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). Here, Plaintiff has sued Defendant Dart in both his individual and official capacities.

#### 1. *Official capacity claims*

Official capacity suits are simply a way of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); see also *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."). Thus, Plaintiff's official-capacity allegations against Defendant Dart are in essence a suit against Cook County. Cook

4

County also is a named party to the suit. See, *e.g.*, *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) (holding that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected officer."). Municipal entities such as Cook County "may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690).

Plaintiff alleges that he is wheelchair-bound with an "objectively serious medical need" which, upon his entry to CCJ, was diagnosed by a health care professional. Plaintiff alleges that he should have been assigned to a wheelchair accessible housing unit but was not, due to the fact that the handicap-accessible toilets were not functioning when Plaintiff was admitted to the jail, and that he was injured during the course of using a non-handicap-accessible toilet. Plaintiff also alleges that Defendants have adopted a "policy of inaction" after receiving actual knowledge that handicap-accessible facilities are non-functioning. To Plaintiff's way of thinking, installing the handicap-accessible facilities falls short of solving the problem if Cook County officials fail to ensure that the facilities are functioning. These allegations are sufficient to raise a plausible claim as to the existence of a policy, practice, or custom that resulted in Defendants acting with deliberate indifference to Plaintiff's medical needs.

       2.    *Individual capacity claims*

Defendants seek dismissal of Plaintiff's § 1983 individual capacity claim on the ground that the complaint does not meet Rule 8(a) pleading requirements because it fails to allege plausibly that Sheriff Dart knowingly engaged in misconduct. Section 1983 individual capacity

claims require a plaintiff to make a showing of personal involvement by a defendant government actor. See *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A plaintiff that successfully pleads the essential elements of the individual capacity claim – namely, that a defendant had *knowledge* of and *consciously disregarded* a serious risk – also succeeds in alleging the personal involvement of the individual defendant by virtue of the fact that those elements are subjective in nature. See *id.* (holding that "an official satisfies the personal responsibility requirement of section 1983 * * * if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent" (internal quotation marks and brackets omitted) (omission in original)); see also *Thomas*, 604 F.3d at 301 (noting that to have committed the tort, an "official must have subjective knowledge of the risk to the inmate's health and also must disregard that risk"). By the same token, a defendant who moves to dismiss a § 1983 individual capacity claim on the ground that the plaintiff failed to allege that the individual defendant knew of and disregarded a serious risk has asserted that the defendant lacked "personal involvement" in the alleged acts.

A jail official may be named as a defendant in his or her individual capacity in a § 1983 claim when the official personally participated in *or* had personal knowledge of the types of acts or omissions that form the basis of the claim. See *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). A senior jail official who was not personally involved in the acts or omissions complained of nonetheless may be liable in his individual capacity if he can be expected to have either known of or participated in creating systemic inadequate conditions at the jail. *Id.* at 1428-29 (holding that because sheriff and director of jail could have been expected to have personal responsibility for alleged systemic violations, claims regarding those violations could not be dismissed on the ground that deliberate indifference of defendants was not adequately pleaded);

*Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (holding that "defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions").

Defendants argue that Plaintiff's § 1983 individual capacity claims should be dismissed because the complaint fails to set forth sufficient facts to plausibly support the legal conclusion that Defendant Dart knew of and consciously disregarded Plaintiff's serious medical needs and the systemic conditions that put him at risk in light of those needs. The Court denies Defendants' motion as to the individual capacity claims because Plaintiff alleges sufficient facts to plausibly suggest that (1) Defendant Dart was aware that members of the prison population had serious medical needs that required the use of handicap-accessible facilities, and (2) Dart, in his individual capacity, was deliberately indifferent to the risk posed by those needs. See *Thomas*, 604 F.3d at 301. Specifically, Plaintiff contends that Dart is personally involved in the formulation and implementation of policies at CCJ. He also alleges that Dart learned from the *Phipps* litigation about the need for handicap-accessible toilets in Division 2. Finally, Plaintiff alleges that Dart was deliberately indifferent to the systemic conditions that in part caused Plaintiff's injury—namely, that Dart failed to ensure that handicap-accessible facilities were in working order or were fixed in a timely manner.

As in *Antonelli* and *Sanders*, the Sheriff here was responsible for overseeing the general conditions of confinement at the jail. See *Antonelli*, 81 F.3d at 1428-29; *Sanders*, 198 F.3d at 629. As such, he can be expected have been aware of or to have participated in creating the deleterious conditions that Plaintiff alleges existed in the jail. See *Antonelli*, 81 F.3d at 1428-29; *Sanders*, 198 F.3d at 629. Given that the conditions complained of form part of the basis of Plaintiffs' individual capacity claim against Sheriff Dart, Plaintiffs have sufficiently alleged that

7

Sheriff Dart had subjective knowledge of the risk to detainees' health needs and disregarded that risk. See *Antonelli*, 81 F.3d at 1428-29; see also *Thomas*, 604 F.3d at 401. While Plaintiff does not allege that Defendant Dart personally assigned him to the unit where he was injured, such an immediate causal link is not required. See *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Rather, the Seventh Circuit has observed that "if the supervisor personally devised a deliberately indifferent policy that caused a constitutional injury, then individual liability might flow from that act." *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998). Plaintiff has alleged that Defendant Dart failed to correct a deliberately indifferent policy—naming, neglecting maintenance of the handicap-accessible facilities—that caused Plaintiff's constitutional injury. The Court therefore denies Defendants' motion to dismiss Plaintiffs' § 1983 individual capacity claim as to Sheriff Dart.

**IV.     Conclusion**

For the reasons stated above, the Court grants in part and denies in part Defendants' motion to dismiss [12]. To the extent that Plaintiff's complaint can be read to assert a claim against Defendant Dart in his individual capacity under the ADA or the Rehabilitation Act, the Court dismisses those claims. All other claims remain pending.


Dated: December 23, 2013

                                             _____
                                             Robert M. Dow, Jr.
                                             United States District Judge